IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAY SEDHI INC,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH STAR MUTUAL INSURANCE COMPANY,<br><br>Defendant. | **8:26CV114**<br><br>**ORDER TO SHOW CAUSE** |

This case is before the court upon review of the docket and the parties' Corporate Disclosure Statements. For the reasons that follow, the court finds the identity of the named plaintiff and the basis for jurisdiction is unclear. Plaintiff will be ordered to show cause why this case should proceed on the Amended Complaint, or seek leave to amend the complaint in accordance with Fed. R. Civ. P. 15 and NECivR 15.1.

On March 16, 2026, Plaintiffs Jay Sedhi Hospitality, LLC, and Jay Sedhi LLC, brought this case against Defendant North Star Mutual Insurance Company. (Filing No. 1). Jay Sedhi Hospitality, LLC was alleged to be a Nebraska limited liability company with its principal place of business in Nebraska. The complaint alleged Defendant issued an insurance policy to "Jay Sedhi Inc. d/b/a/ Sunset Inn" and Jay Sedhi Hospitality, LLC operated the Sunset Inn in Elm Creek Nebraska. (Filing No. 1). Plaintiffs claimed diversity jurisdiction, as Defendant is organized under the laws of Minnesota with its principal place of business in Minnesota. (Filing No. 1).

On March 17, 2026, Plaintiff amended the complaint, naming Jay Sedhi Inc. as the plaintiff in the caption, and referring to itself in the body of the document as "Jay Sedhi Inc., also known as Jay Sedhi Hospitality, LLC ('JSH' or 'Plaintiff')". (Filing No. 4). The Amended Complaint alleges Defendant owed a duty to defend Jay Sedhi Hospitality, LLC, in *Jane Doe v. Shane Harrington, et al* No. 7:25-cv-5010, a case also pending in this court. Plaintiff alleges Defendant failed to provide a defense causing Jay Sedhi Hospitality, LLC to incur damages including, but not limited to, defense fees and costs in the other action. (Filing No. 4). On March 20, 2026, Plaintiff filed a motion to dismiss Jay Sedhi Hospitality, LLC, from 7:25-cv-5010, and the motion was granted on March 30, 2026. (7:25-cv-5010 Filing Nos. 42, and 45).

On March 26, 2026, Plaintiff filed a Motion for Judgment on the Pleadings, referring to itself as "Jay Sedhi Inc," in the caption of the motion (Filing No. 8), and as "Jay Sedhi Inc. D/B/A/ Sunset Inn" in the caption of the brief. (Filing No. 9). Plaintiff requested the court enter judgment in favor of "JSH" and against Defendant, and for the court to order reimbursement of Plaintiff's reasonable legal fees. (Filing No. 8). Plaintiff argues that the allegations in the underlying action created a potential for coverage under the policies issued by Defendant, "thereby triggering the duty to defend." (Filing No. 8). Plaintiff argues "North Star's categorical denial of that duty constitutes a breach of contract, entitling JSH to reimbursement of defense costs and attorney's fees." (Filing No. 8 at 1).

In response, Defendant filed a "Motion for Judgment on the Pleadings or in the Alternative Motion to Dismiss." (Filing No. 11). Defendant asserts it is entitled to judgment for several reasons. First, Defendant asserts that the insurance policy at issue does not provide coverage for the claims asserted against Jay Sedhi Hospitality, LLC, as the claims arise from sexual abuse. Second, Defendant asserts Plaintiff lacks the capacity to maintain this action as Jay Sedhi, Inc. is not a corporation or legal entity registered with the State of Nebraska or any other state, and Jay Sedhi Hospitality, LLC was administratively dissolved by the Nebraska Secretary of State on or about June 21, 2023. (Filing No. 12 at 1). Defendant also notes that Plaintiff's Amended Complaint asserts diversity jurisdiction,

while the Motion for Judgment on the Pleadings asserts the court must construe and apply federal trafficking statutes, "thereby supplying federal-question jurisdiction under 28 U.S.C. § 1331. (Filing No. 12 at 1; *See* Filing No. 9 at 6). Defendant asserts this is an action for Declaratory Judgment on an insurance contract and does not involve a question of federal law. It further asserts the Plaintiff has been dismissed from 7:25-cv-5010, and once the question of coverage is removed, the "damages" sought do not exceed the amount in controversy threshold for diversity jurisdiction under 28 U.S.C. § 1332.

Upon sua sponte review of the docket, the court found the parties had not filed the requisite corporate disclosure statements pursuant to Fed. R. Civ. P. 7.1. The court ordered the parties to file the necessary statements within 7 days, and the parties timely complied. (Filing No. 15; Filing No. 16; Filing No. 17). Plaintiff disclosed that "Plaintiff Jay Sedhi Inc. d/b/a Sunset Inn ('JSH')" is a nongovernmental corporate party with no parent corporation and no publicly held corporation that owns 10% or more of its stock. (Filing No. 17). It further discloses that "Jay Sedhi Inc. is a corporation organized under the laws of the State of Nebraska with its principal place of business in Nebraska." (Filing No. 17). Plaintiff's disclosure states "Jay Sedhi Inc. does business under the trade name "Sunset Inn," which is a registered trade name and not a separate legal entity. (Filing No. 17). The court can take judicial notice of public records. *See Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir. 2008). The court takes judicial notice of the Nebraska Secretary of State's Corporate & Business Search website, and finds there is one inactive entity named "Jay Sedhi Hospitality, LLC", one active entity named "Jay Sedhi LLC" and a registered trade name of "Sunset Inn" which can be contacted through "Jay Sedhi, LLC." Although Plaintiff alleges Jay Sedhi Inc. is a corporation organized in Nebraska, a search of the Nebraska Secretary of State's website returns no result for "Jay Sedhi Inc." (https://www.nebraska.gov/sos/corp/corpsearch.cgi (last visited August 17, 2026)).

The undersigned agrees with Defendant's assessment that Plaintiff has referred to itself by multiple names, sometimes as different names in the caption and in the body of the text of the same document, and it is unclear which entity or entities are party to this

action. It is also unclear whether Plaintiff's claims rely on federal question or diversity jurisdiction and whether diversity jurisdiction is appropriate following the dismissal of the claims against Jay Sedhi Hospitality, LLC in 7:25-cv-5010. This situation implicates the inherent powers "necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin,* 579 U.S. 40, 45 (2016) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962). The court's exercise of an inherent power must be a "reasonable response to the problems and needs confronting the court's fair administration of justice," and "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Dietz,* 579 U.S. at 45 (citing *Degen v. United* States, 517 U.S. 820 (1996). Accordingly,

IT IS ORDERED:

1. On or before August 25, 2026, Plaintiff shall show cause why the named plaintiff, Jay Sedhi LLC, should be permitted to proceed on the claims against Defendant; or,
2. Plaintiff shall seek leave to amend the complaint to name the appropriate party or parties, clarify the basis for this court's jurisdiction, and amend the claims to reflect those issues still pending before the court.
3. Failure to timely respond may result in a recommendation that this case be dismissed without further notice.

Dated this 17th day of August, 2026.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge