IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAY SEDHI INC,

Plaintiff,

vs.

NORTH STAR MUTUAL INSURANCE COMPANY,

Defendant.

**8:26CV114**

**ORDER**

This matter comes before the court on Plaintiff's Response to Order to Show Cause (Filing No. 20) and Motion for Leave to File Second Amended Complaint (Filing No. 21). Upon inquiry, counsel for Defendant notified the court by email that it does not oppose Plaintiff's motion for leave to amend. That motion will accordingly be granted as unopposed and because the court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Embedded within Plaintiff's response to the order to show cause is also a request for the court to hold two opposing motions for judgment on the pleadings (Filing No. 8 and Filing No. 11) "in abeyance and to direct the parties to confer and file a joint status report within seven days after the Second Amended Complaint is filed, stating whether the motions may be deemed directed to the amended pleading with limited supplemental briefs or should be withdrawn and refiled on a schedule the Court sets." (Filing No. 20 at 17-18). The court will address this request here for purposes of efficiency and judicial economy, and the request to hold the matters in abeyance will be denied.

It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Judges in this district have found that a party's motion for judgment on the pleadings is rendered moot by the filing of an amended complaint. *Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.*, No. 8:02CV553, 2006 WL 1401679, at *2 (D. Neb. May 17, 2006). Further the amended complaint may address or resolve some or all of the arguments made in those motions particularly with regard to jurisdiction and Plaintiff's capacity to sue. Accordingly, the motions for judgment on the pleadings will be denied as moot. The parties may refile any appropriate dispositive motion in accordance with the Federal Rules of Civil Procedure and the Local Rules, with the accompanying briefs directed to only those matters that currently require the court's consideration.

Finally, the court cannot ignore the circumstances that resulted in the issuance of its show cause order and Plaintiff's response. Clearly, the additional work necessary to address these issues could have been avoided had Plaintiff's counsel exercised due diligence prior to making certain representations in this matter. As recited in the court's Order to Show Cause (Filing No. 18), the identity of the proper plaintiff in this matter has been a moving target. The initially named plaintiffs were Jay Sedhi Hospitality, LLC, and Jay Sedhi LLC. (Filing No. 1). The next day, Plaintiff amended the complaint and replaced those entities with a new one--Jay Sedhi Inc.-- referring to itself in the body of the document as "Jay Sedhi Inc., also known as Jay Sedhi Hospitality, LLC ('JSH' or 'Plaintiff')". (Filing No. 4). On March 26, 2026, Plaintiff filed a Motion for Judgment on the Pleadings, referring to itself as "Jay Sedhi Inc," in the caption of the motion (Filing No. 8), and as "Jay Sedhi Inc. D/B/A/ Sunset Inn" in the caption of the brief. (Filing No. 9). In response, Defendant filed its own "Motion for Judgment on the Pleadings or in the Alternative Motion to Dismiss." (Filing No. 11). Defendant argued in part that Plaintiff lacks the capacity to maintain this action as Jay Sedhi, Inc. as it is not a corporation or legal entity registered with the State of Nebraska or any other state, and Jay Sedhi Hospitality, LLC was administratively

dissolved by the Nebraska Secretary of State on or about June 21, 2023. (Filing No. 12 at 1).

To ensure proper jurisdiction and to avoid potential financial conflicts, parties are required to timely file a corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1. Neither party did so here. After prompting by the court, the parties filed their statements, wherein Plaintiff affirmatively represented, among other things, that "Jay Sedhi Inc. is a corporation organized under the laws of the State of Nebraska with its principle place of business in Nebraska. It is therefore a citizen of the State of Nebraska…" (Filing No. 17 at 1). Plaintiff's counsel affixed his signature to the statement on behalf of JAY SEDHI INC. d/b/a SUNSET INN. (Filing No. 17 at 3). But Plaintiff's disclosure statement only made the issue murkier because a review of the Nebraska Secretary of State's Corporate & Business Search website identified no such entity. (https://www.nebraska.gov/sos/corp/corpsearch.cgi (last visited August 17, 2026)). The court accordingly issued its show cause order, in part to understand which entity or entities are a party to this action.

In response, Plaintiff's counsel now acknowledges that no entity by the name of Jay Sedhi Inc. d/b/a Sunset Inn "exists anywhere." (Filing No. 20 at 1). He claims that the "error began in the insurer's underwriting records," which then "migrated into its coverage correspondence, and from there into Plaintiff's pleadings." (*Id.*). Plaintiff's counsel acknowledges that "[c]atching that error was [his] job, and counsel did not catch it" and he takes responsibility for the resulting confusion. (*Id.* at 2). While the court appreciates this acknowledgment, the efforts necessary to correct these errors have not been trivial and could have been avoided through the exercise of due diligence.

It is well-established that Rule 11(c) allows the court to impose sanctions upon its determination that a party has violated Rule 11(b), which provides:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's

> knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Fed. R. Civ. P. 11(c) authorizes sanctions including nonmonetary directives, an order to pay a penalty into the court or in certain circumstances the payment of all or part of the moving party's reasonable attorney's fees and other expenses directly resulting from the violation. The rule also authorizes the court to issue an order to show cause why conduct specifically described in the order has not violated Rule 11(b).

The primary purpose of Fed. R. Civ. P. 7.1 is to aid judges in making informed disqualification decisions under the financial interest standard of Canon 3(C)(1)(c) of the Code of Conduct for United States Judges. Fed. R. Civ. P. 7.1 cmt. *See Schueller v. Farmers Ins. Grp.*, No. 1:07-CV-1084 MCA/RLP, 2008 WL 11451265, at *2 (D.N.M. Sept. 26, 2008). However, counsel's lack of attention to detail in naming an incorrect party led to unnecessary motion practice. By signing the corporate disclosure statement on August 15, 2026, Plaintiff's counsel represented to the court that he certified, to the best of his knowledge, information, and belief after an inquiry reasonable under the circumstances, that the factual contentions have evidentiary support. (Filing No. 17). The court cannot find based on Plaintiff's counsel's response that he fulfilled his obligation to conduct a reasonable inquiry. Simply checking the Nebraska Secretary of State's website would have confirmed that there was no registered entity called "Jay Sedhi Inc." It is particularly puzzling that counsel did not make an effort to sort out the appropriate entity after

Defendant's motion for judgment on the pleadings, in which Defendant specifically argued Plaintiff's lack of capacity to maintain the action as Jay Sedhi Inc. Defendant's motion and brief were filed April 8, 2026, and Plaintiff filed a reply, but failed to acknowledge Defendant's argument or take the necessary steps to remedy the issues raised in Defendant's motion as to Jay Sedhi, Inc. (Filing No. 12 at 1; Filing No. 14). While it does not appear that there exists any other improper purpose or motive for these actions, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, these errors again could have easily been avoided with some simple due diligence.

Plaintiff's counsel has acknowledged his error and is making efforts to correct it. The court accordingly will not impose monetary or other more severe sanctions at this time. But the court strongly cautions Plaintiff's counsel of his continuing obligations under Rule 11 and the importance of conducting a reasonably inquiry and verifying the accuracy of his representations to the court. Future failures may result in more serious consequences, including potential monetary sanctions, dismissal of pleadings, referral to the Counsel of Discipline, or other sanctions.[1]

IT IS ORDERED:

1. Plaintiff's unopposed Motion for Leave to File Second Amended Complaint is granted. (Filing No. 21).
2. On or before September 4, 2026, Plaintiff shall file the Proposed Amended Complaint (a copy of which was attached to the motion at Filing No. 21-1) under separate file.
3. Defendant shall file its answer or other responsive pleading on or before September 18, 2026.
4. The Clerk shall terminate the August 25, 2026, show cause deadline.

[1] The court also notes that this is not the first time in this district that Plaintiff's counsel has had to apologize for avoidable mistakes and for wasting the court's time. *See United States v. Morales,* 8:25-cr-216, Filing No. 48.

5. The pending Motions for Judgment on the Pleadings (Filing Nos. 8 and 11) are hereby denied as moot.

Dated this 28th day of August, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge